#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CYNTHIA A KELLER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-2429-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

#### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding that the Administrative Law Judge's (ALJ) hypothetical question to the vocational expert did not relate with precision all of Plaintiff's limitations and therefore cannot constitute substantial evidence to support the Commissioner's final decision, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.    Background**

Plaintiff applied for SSD, alleging disability beginning July 31, 2010.  (R. 7, 135-38).  In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  She alleges the ALJ erred in evaluating the severity of her impairments at step two of the Commissioner's five-step sequential evaluation process and that the vocational expert's hearing testimony was improperly relied upon by the ALJ because the hypothetical question did not relate with precision all of Plaintiff's impairments as assessed by the ALJ.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the

economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Because the hypothetical question presented to the vocational expert at the hearing did not precisely match the RFC assessed by the ALJ in the decision, the expert's testimony in response to that hypothetical is not substantial evidence which would support the finding of the ALJ that Plaintiff is able to perform her past relevant work as a dining room cashier.  Therefore, remand is necessary to determine properly whether Plaintiff may perform her past relevant work.  Because this error clearly requires remand, the court will not address the issue whether the ALJ properly addressed the severity of Plaintiff's impairments at step two of the sequential evaluation process.  Plaintiff may make her arguments in that regard to the Commissioner on remand.

## II.    Hypothetical Questioning

As Plaintiff suggests, the RFC assessed by the ALJ does not precisely match the impairments presented to the vocational expert in the hypothetical question.  The ALJ found that Plaintiff is able to perform light work:

> including lifting and carrying, and pushing and pulling, ten pounds frequently and twenty pounds occasionally, standing two hours, walking two hours, and sitting four hours. She cannot climb ropes, ladders, or scaffolds, perform frequent stooping, perform above shoulder work, or reach repetitively with her right arm. She cannot lift from ground level, crawl, kneel, crouch or squat, or push or pull carts or wagons.

(R. 9-10) (bolding omitted).

At the hearing, when questioning the vocational expert the ALJ noted that Plaintiff is right hand dominant, and is limited to lifting ten pounds with her right hand but may lift twenty pounds with her left had. (R. 54). He asked the vocational expert how such an impairment would be classified in accordance with the physical exertion requirements of work. Id. The expert responded, "I would classify it as a limited range of light jobs would be available." Id. The ALJ then began his hypothetical question for the expert, posing a situation with

> a lady between . . . 51 and 53 -- with a twelfth grade education who can do the exertional level as you stated, ma'am, with the following exceptions. No repetitive overhead lifting or reaching with the right arm. No above shoulder work with the right arm. Of course we're going to have the no lifting greater than 10 pounds with the right arm. Because of her weight, occasional bending, no crawling, no kneeling, no crouching, no squatting. No lifting from the floor level with her right arm. No pushing or pulling carts or wagons with her right arm. No climbing ropes, ladders or scaffolds. Based on that hypothetical, can this hypothetical person go back and do the jobs that you've testified that this claimant has had?

A    The job of dining room cashier would be within those limits as it is customarily performed.

(R. 54-55).

As can be seen, the hypothetical question to the vocational expert did not propose any impairment in stooping, and it did not provide any impairment in sitting, standing, or walking.  However, it did limit the hypothetical individual to the exertional level as the vocational expert had stated earlier--"a limited range of light jobs."  "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner]'s decision."  Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).

There can be no question that the vocational expert opined that an individual without any stooping impairments would be able to perform the job of a dining room cashier.  However, the ALJ found that Plaintiff "cannot . . . perform frequent stooping." (R. 9).  The Commissioner attempts to overcome this imprecision by pointing out that an ALJ is not required to seek the services of a vocational expert and that Social Security Ruling (SSR) 96-9p recommends such testimony only when an individual is limited to less-than-occasional stooping, and then she implies without stating that the job of a dining room cashier does not require frequent stooping or more.  The Commissioner's attempt to save the decision in this regard is without merit.  First, as Plaintiff points out, although an ALJ need not in every case seek vocational expert testimony, in this case the ALJ sought such testimony and specifically stated that his finding that Plaintiff is able to perform work as a dining room cashier is "[p]er vocational expert testimony in response to a hypothetical question setting forth the above residual functional capacity assessment." Yet, that hypothetical question was faulty at least with regard to Plaintiff's ability to

6

stoop. Moreover, the Commissioner's appeal to SSR 96-9p is inapplicable in the circumstances of this case. SSR 96-9p specifically states that its purpose is to "explain the Social Security Administration's policies regarding the impact of a residual functional capacity (RFC ) assessment for less than a full range of <u>sedentary</u> work." West's Soc. Sec. Reporting Serv., Rulings 152 (Supp. 2014) (emphasis added). Here, Plaintiff does not have an RFC for less than a full range of sedentary work, she has an RFC for "a limited range of light jobs." (R. 54).

      Finally and most importantly, the RFC assessed by the ALJ limited Plaintiff to "standing two hours, walking two hours, and sitting four hours," whereas the hypothetical question presented to the vocational expert did not. Once again, the Commissioner attempts to rescue the decision. Here, she argues that the impairments in sitting, standing, and walking assessed by the ALJ in this case are included within the ability to perform light work because jobs are in this category work when they require a good deal of walking or standing, or when they involve sitting most of the time with some pushing or pulling of arm or leg controls. (Comm'r Br. 10) (citing 20 C.F.R. § 404.1567(b)). The Commissioner is correct in citing to 20 C.F.R. § 404.1567(b) for the definition of light work and in stating that the impairments in sitting, standing, and walking assessed here fall within the category of light work. However, she cannot seriously contend that the vocational expert was considering anything near such impairments, when just before the hypothetical question the expert had been discussing the exertional range of light jobs plaintiff was able to perform, and that range was limited by the ability to lift and carry

only ten pounds in her right, dominant hand, and twenty pounds in her left hand, but there was no mention of impairment in siting, standing, or walking.  There was simply no mention of impairment in sitting, standing, or walking, and the definition of light work cited by the Commissioner cautions that "[t]o be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 C.F.R. § 404.1567(b) (referring to a good deal of walking or standing, or sitting most of the time).  Further, the court notes that the Physical Residual Functional Capacity Assessment form promulgated and used by the Commissioner assumes that light work involves the ability to stand and/or walk about six hours in a workday, and to sit about six hours in a workday.  Form SSA-4734-BK, page 2.[1]

In these circumstances, there can be no doubt that the hypothetical question presented to the vocational expert did not relate with precision all of Plaintiff's impairments.  Therefore, the expert's testimony that Plaintiff is able to perform her past work as a dining room cashier cannot constitute substantial evidence in support of the ALJ's finding to that effect.  This is so because the court cannot know whether Plaintiff's stooping impairment, or her impairments in sitting, standing, or walking would actually permit work as a dining room cashier.  The court's lay experience as a diner seems to reinforce the impression that someone who is unable to stand more than two hours in a

---

[1]The court notes that a state agency physician in this case signed a "Case Analysis" stating that he had completed a "projected light RFC" (R. 255), but no RFC assessment form appears in the record.

workday would be unable to work an eight-hour day as a dining room cashier.  While the court's lay experience is unpersuasive in any case, in this case it is illustrative of the need for vocational expert testimony based upon knowledge of the actual hypothetical situation for which the ALJ sought information.  Remand is necessary for a proper consideration whether Plaintiff is able to perform her past relevant work as a dining room cashier.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 6th day of October 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**